**JIANZHONG WANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–76000.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 28, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Dorothy A. Harper, Esq., Law Office of Dorothy A. Harper, Los Angeles, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., David E. Dauenheimer, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

## MEMORANDUM **

Jianzhong Wang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his applications for asylum, withholding of removal and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir.2006), we grant the petition for review and remand for further proceedings.

Wang claims he was persecuted after he provided Falun Gong members a place to meet at a hotel. Contrary to the agency's findings, Wang's consistent testimony and documentary evidence reflect that: after he was released from police custody, he remained employed by the hotel until he fled China; he was unofficially demoted from his position as a room service manager; and he did not receive a bonus. *See Singh v. Ashcroft*, 301 F.3d 1109, 1112 (9th Cir.2002) (the omission of a detail included in an applicant's oral testimony does not make a supporting document inconsistent or incompatible, and thus will not support an adverse credibility finding). Further, Wang's testimony that he safely returned to China for eight days when his mother became ill, hiding in a hotel and then staying with an aunt approximately 1000 kilometers from home, is not implausible. *See Quan v. Gonzales*, 428 F.3d 883, 887–88 (9th Cir.2005) (speculation regarding police capabilities based, in part, on country's geographical size). Consequently, substantial evidence does not support the agency's adverse credibility determination.

Accordingly, we grant the petition for review and remand to the BIA for further

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**